# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

VIDA LONGEVITY FUND, LP, and WELLS
FARGO BANK, N.A., as securities intermediary
for Vida Longevity Fund, LP,

                      Plaintiffs,

                  v.

LAURIE BETH GOLD, individually, The
ESTATE OF CECILE GOLD, NASSAU LIFE
INSURANCE COMPANY, f/k/a PHL Variable
Insurance Company,

                      Defendants.

Civil Action No. __22-cv-6114_____

**<u>COMPLAINT</u>**

Plaintiffs, Vida Longevity Fund, LP ("VLF") and Wells Fargo Bank, N.A., as securities intermediary ("Securities Intermediary"),[1] by and through their counsel, ArentFox Schiff LLP, allege, based on personal knowledge of their own conduct and upon information and belief as to the conduct of others, as follows as and for its Complaint against Defendants, Laurie Gold, the Estate of Cecile Gold ("Estate"), and Nassau Life Insurance Company:

1.      This is an action that seeks to (a) under a $3M life insurance policy that was issued by PHL Variable Insurance Company (now known as Nassau Life Insurance Company ("Nassau")) and insured the life of Cecile R. Gold (Laurie Gold's mother, who recently passed away), and (b) declare the rights and obligations between VLF (Securities Intermediary's entitlement holder with respect to the death benefit to be paid under the life insurance policy) and Defendants The Estate of Cecile Gold, and Laurie Beth Gold, individually, to the death benefit owed under the subject policy.

---

[1] At all times herein Wells Fargo Bank, N.A. acts solely in a ministerial capacity as Securities Intermediary for a third-party investor, VLF, and does not act in its individual capacity. *See e.g.*, N.Y. U.C.C. § 8-102(a)(14)(b) (McKinney's) (defining the role of a securities intermediary).

**PARTIES**

2.      VLF is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Texas.

3.      Securities Intermediary is a national banking association organized and existing under federal law with its main office in South Dakota and is a citizen of South Dakota for the purposes of diversity jurisdiction.

4.      Laurie Gold is an adult individual domiciled at 5-38 115th Street, Apt. D, College Point, NY 11356.

5.      By Decree Granting Administration dated June 30, 2022, signed by the Hon. Margaret C. Reilly, Surrogate of the Surrogate's Court of the State of New York, County of Nassau (File No. 2022-836), Mark Gold and Laurie Gold were authorized to act as administrators for the estate of Cecile Gold. Thus, the Estate was established in the State of New York after the death of Cecile Gold, who was at her death and at all relevant times a citizen of the State of New York, and is therefore a citizen of the State of New York.

6.      Nassau is an insurance company organized and existing under the laws of the State of New York, with its principal place of business in Connecticut.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as it is between citizens of a state and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      The Court has personal jurisdiction over Laurie Gold because she is a citizen of New York.

10.     The Court has personal jurisdiction over the Estate because it was created in the State of New York.

11.     The Court has personal jurisdiction over Nassau because it is a citizen of New York.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Laurie Gold, the Estate, and Nassau reside within the judicial district of this Court, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## FACTS

13.     Securities Intermediary, in its capacity as securities intermediary under Article 8 of the N.Y. U.C.C., is the current owner and beneficiary of a $3 million life insurance policy insuring the life of Cecile Gold (No. 97522782) (the "Policy").

14.     VLF is Securities Intermediary's entitlement holder with respect to the Policy.

15.     Neither Securities Intermediary, nor VLF, had any involvement in the procurement of the Policy.

16.     In 2017, approximately ten years after the Policy had been issued, VLF purchased the Policy in the tertiary life insurance market as a bona fide purchaser for value, and engaged Securities Intermediary to act as its securities intermediary with respect to the Policy, including being named as the owner and beneficiary of the Policy with the insurer, Nassau (f/k/a Phoenix).

17.     The Policy was applied for by an irrevocable life insurance trust ("Insurance Trust") created by or at the direction of the insured, Cecile Gold.

18.     The Investment Trustee of the Insurance Trust was Mark Gold, the insured's son.

19.     The beneficiaries of the Insurance Trust were Mark Gold and Laurie Gold, the insured's children.

20.     The insured and the Insurance Trust appear to have paid the initial premiums for the Policy through a premium finance loan.

21.     The insured and Insurance Trust surrendered the Policy to the lender a couple of years after the Policy had been issued in satisfaction of the premium finance loan.

22.     In connection with the surrender of the Policy to the lender, Cecile Gold (as insured) and Mark Gold (as Investment Trustee of the Insurance Trust) represented and warranted in writing that they forever released and discharged the lender from and against any and all claims, actions, suits, whether at law or in equity, arising out of or in connection with the Policy.

23.     The foregoing representations and warranties by Cecile Gold and Mark Gold were transferred ultimately to VLF when it purchased the Policy for value, and are enforceable by VLF against the Estate of Cecile Gold, Laurie Gold, Mark Gold, and anyone or any other entity claiming an interest in the Policy or the death benefit to be paid thereunder.

24.     On or about January 1, 2022, Cecile Gold died.

25.     On or about February 22, 2022, Mark Gold and Laurie Gold petitioned the Surrogate's Court in the State of New York, Nassau County, to name them as administrators of the estate of Cecile Gold.

26.     By Decree Granting Administration dated June 30, 2022, signed by the Hon. Margaret C. Reilly, Surrogate of the Surrogate's Court of the State of New York, County of Nassau (File No. 2022-836), Mark Gold and Laurie Gold were authorized to act as administrators for the estate of Cecile Gold.

27.     On September 1, 2022, Mark Gold and Laurie Gold, acting solely in their capacity as administrators, commenced an action in the Eastern District of New York captioned, *The Estate of Gold, by its Co-executors [sic], Laurie Gold and Mark Gold v. Wells Fargo Bank, N.A., as securities intermediary*, No. 2:22-cv-05238-GRB-LGD (the "Estate Action"). In the Estate Action, Plaintiffs allege, contrary to the representations and warranties made by Mark Gold and Cecile Gold in writing over a decade ago, that the Policy was procured as part of an illegal stranger-originated life insurance ("STOLI") scheme, and seek to recover the death benefit owed under the Policy.

28.     On October 11, 2022, Securities Intermediary filed its Answer in the Estate Action, denying the material allegations of the Complaint.

29.     On or about July 28, 2022, VLF's servicer sent Nassau the last item of documentation that Nassau said that it needed to process the death claim—a certified copy of Cecile Gold's death certificate.

30.     But Nassau has not yet paid the death benefit owed under the Policy.

## FIRST CAUSE OF ACTION
(*Plaintiffs Against Nassau for Breach of Contract*)

31.     Plaintiffs incorporate each of the foregoing allegations herein.

32.     The Policy is a valid and enforceable insurance contract that insured the life of Cecile Gold, which was issued by Nassau's predecessor on August 24, 2007.

33.     On or about July 31, 2017, nearly ten years after the Policy was issued, VLF purchased the Policy in a tertiary market sale and assigned the Policy to Securities Intermediary to hold as the owner and beneficiary of record with Nassau in its capacity as securities intermediary for VLF.

34.     On or about November 9, 2017, Nassau's predecessor processed change of ownership and beneficiary forms for the Policy, acknowledging Securities Intermediary in its capacity as securities intermediary, as the new owner and beneficiary of the Policy without objection.

35.     Since it acquired the Policy, Securities Intermediary has held the Policy on behalf of VLF and paid all premiums and other expenses through funds provided by VLF to keep the Policy in force until Cecile Gold's death.

36.     Securities Intermediary, on behalf of VLF, has performed all of its obligations under the Policy and is not in breach thereof.

37.     On January 1, 2022, Cecile Gold passed away.

38.     On or about July 28, 2022, VLF's servicing agent sent Nassau the final documentation that Nassau stated that it needed to complete its processing of the death claim—a certified copy of the death certificate for Cecile Gold.

39.     But Nassau has failed to pay Securities Intermediary the death benefit under the Policy.

40.     Accordingly, Nassau has breached the Policy by failing to pay the death benefit (and accrued interest under the terms of the Policy from the date of death) to Securities Intermediary in accordance with the provisions of the Policy. Thus, Securities Intermediary and, ultimately, VLF, have been damaged as a result of Nassau's breach of contract in the amount of the death benefit plus interest pursuant to the terms of the Policy from the date of death until the date that the death benefit is paid.

## SECOND CAUSE OF ACTION
*(VLF Against The Estate of Cecile Gold and Laurie Gold for Declaratory Judgment)*

41.     VLF incorporates each of the foregoing allegations herein.

42. Under 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare rights, status, and other legal relations between the parties, whether or not further relief is or could be sought.

43. In the Estate Action, the Estate of Gold seeks a judgment that it, rather than Securities Intermediary, is the rightful owner of the Policy's death benefit. The Estate of Gold alleges that it is entitled to recover the death benefit under the insurable interest statute of Wisconsin, Wis. Stat. Ann. § 631.07, which provides in subsection (4) as follows:

> **(4) Effect of lack of insurable interest or consent.** No insurance policy is invalid merely because the policyholder lacks insurable interest or because consent has not been given, but a court with appropriate jurisdiction may order the proceeds to be paid to someone other than the person to whom the policy is designated to be payable, who is equitably entitled thereto, or may create a constructive trust in the proceeds or a part thereof, subject to terms and conditions of the policy other than those relating to insurable interest or consent.

44. In light of the allegations in the Estate Action, there is an actual case or controversy between VLF, on the one hand, and, among others, The Estate of Cecile Gold and Laurie Gold, individually, on the other hand, as to whether The Estate of Cecile Gold and Laurie Gold, in her individual capacity, may claim to be equitably entitled to the death benefit owed under the Policy in whole or in part pursuant to the Wisconsin statute. Hence, VLF seeks a judicial declaration in this action in this regard.

45. VLF, having paid fair value for the Policy and having paid the premium on that Policy through Securities Intermediary, is the rightful legal and equitable owner of the Policy. Accordingly, the Policy's death benefit should ultimately be paid to VLF, and VLF should not be required to forfeit any portion of the Policy's death benefit to the Estate of Cecile Gold, Laurie Gold, nor anyone else.

46.     Based on the competing adverse claims to the death benefit of the Policy, VLF is entitled to judgment from this Court declaring the rights, status and legal relations among VLF, on the one hand, and The Estate of Cecile Gold and Laurie Gold, in her individual capacity, on the other hand, with respect to the death benefit owed under the Policy.

47.     VLF is entitled to a declaratory judgment from this Court in the manner set forth above because only this action will resolve all issues and controversies between VLF and The Estate of Cecile Gold and Laurie Gold, individually, and as they may pertain to Nassau with respect to the payment of the death benefit.

**THIRD CAUSE OF ACTION**
(*VLF Against the Estate of Cecile Gold for Breach of Contract*)

48.     VLF incorporates each of the foregoing allegations herein.

49.     Cecile Gold and Mark Gold made representations and warranties in writing to the premium finance lender that they had and would forever release and discharge the lender from and against any and all claims, actions, suits, whether at law or in equity, arising out of or in connection with the Policy.

50.     The foregoing representations and warranties created a valid enforceable contract by, among others, Cecile Gold.

51.     The lender's rights under the foregoing contract were transferred to VLF in connection with its purchase of the Policy.

52.     The Estate of Cecile Gold, as the legal successor of Cecile Gold, is bound by Cecile Gold's conduct, representations, warranties, and agreements. The Estate of Cecile Gold steps into the shoes of Cecile Gold, and has no greater rights than Cecile Gold would have had if she were still alive. As such, the representations, warranties, and waivers, releases and discharges

made by Cecile Gold in writing and transferred to VLF are binding and enforceable against the Estate.

53.     The Estate of Cecile Gold's Complaint in the Estate Action asserts a cause of action under a Wisconsin statute that arises out of the Policy, in breach of the provisions of the representations and warranties made by Cecile Gold set forth above.

54.     By asserting its claim to the Policy proceeds, the Estate of Cecile Gold, as the legal successor to Cecile Gold, is in breach of the representations and warranties made by Cecile Gold, on the one hand, and VLF, as successor in interest to the premium finance lender), on the other hand.

55.     The Estate of Gold's breach of the subject representations and warranties is actionable and enforceable by VLF as the assignee of those representations and warranties and a bona fide purchaser of all the right, title, and interest in and to the Policy.

56.     VLF has performed any and all of its obligations under the contract set forth above and is not in breach thereof.

57.     As a result of the Estate of Cecile Gold's breach of the representations and warranties (in the Estate of Cecile Gold's capacity as successor to Cecile Gold thereunder), VLF has been damaged in an amount that will be proven at trial.

**FOURTH CAUSE OF ACTION**
(*VLF Against the Estate of Cecile Gold for Negligent Misrepresentation*)

58.     VLF incorporates each of the foregoing allegations herein.

59.     Cecile Gold represented and warranted in writing that she forever released and discharged the lender from and against any and all claims, actions, suits, whether at law or in equity, arising out of or in connection with the Policy.

60.     Next to her signature in the writing, Cecile Gold wrote by hand as follows: "This acknowledges my surrender of Policy #97522782."

61.     Upon information and belief, these representations and warranties by Cecile Gold were untrue.

62.     Cecile Gold was negligent in making the foregoing representations and warranties.

63.     The lender believed that the foregoing representations and warranties by Cecile Gold were true and relied upon them.

64.     The lender's rights with respect to the foregoing representations and warranties made by Cecile Gold were ultimately assigned to VLF, which likewise reasonably and justifiably believed that the foregoing representations and warranties made by Cecile Gold were true and relied thereon.

65.     VLF has been damaged as a result of the foregoing negligent misrepresentations made by Cecile Gold, which tortious conduct is chargeable against the Estate of Cecile Gold. Therefore, VLF is entitled to recover from the Estate of Cecile Gold damages for the negligent misrepresentations of Cecile Gold in an amount that will be proven at trial.

## FIFTH CAUSE OF ACTION
### (*VLF Against The Estate of Cecile Gold for Promissory Estoppel*)

66.     VLF incorporates each of the foregoing allegations herein.

67.     Cecile Gold and Mark Gold promised the premium finance lender that they were forever relinquishing all rights to the Policy and its proceeds and would not assert any claims arising out of the Policy.

68.     Next to her signature in the writing, Cecile Gold wrote by hand as follows: "This acknowledges my surrender of Policy #97522782."

69.     Cecile Gold expressly acknowledged in the writing that the lender would rely on her promises.

70.     The lender assigned all of its right, title, and interest to the Policy, including the right to rely on and enforce the written representations and warranties made by Cecile Gold and Mark Gold, to VLF when it purchased the Policy as a bona fide purchaser for value.

71.     VLF reasonably relied on Cecile Gold's promises in the writing when it purchased the Policy.

72.     VLF's reliance on the foregoing representations and warranties was reasonable and foreseeable.

73.     Cecile Gold's promises as set forth in the writing are chargeable against the Estate of Cecile Gold, and those promises should be enforced and equitably prevent the Estate of Cecile Gold from recovering the death benefit under the Policy in whole or in part.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable in this action.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that the Court enter a final judgment against The Estate of Cecile Gold, Laurie Gold, individually, and Nassau and in favor of Plaintiffs as follows:

A.      On the First Cause of Action, damages that will be proven at trial and in an amount no less than the death benefit and interest due under the Policy;

B.      On the Second Cause of Action, a judicial declaration that the Policy was issued in compliance with applicable insurable interest laws, and that VLF is the sole lawful and equitable owner and beneficiary of the Policy's death benefit and has the right to collect the death benefit payable under the Policy with interest, to the

11

complete exclusion of The Estate of Cecile Gold, Laurie Gold, individually, or anyone else;

C.      On the Third Cause of Action, damages that will be proven at trial;

D.      On the Fourth Cause of Action, damages that will be proven at trial;

E.      On the Fifth Cause of Action, enforcement of Cecile Gold's promises which are chargeable against the Estate;

F.      In the event that The Estate of Cecile Gold and/or Laurie Gold, individually, is/are entitled to recover the death benefit under the Policy in whole or in part, then, in the alternative, an order and judgment reducing the death benefit payable to The Estate of Cecile Gold and/or Laurie Gold, individually, by the amount that VLF paid to acquire the Policy (which amount included the reimbursement of any and all premiums paid for the Policy by the prior owner of the Policy), and the amount of the premiums paid by VLF through Security Intermediary for the Policy;

G.      An award of costs and disbursements incurred in this action, and pre-and post-judgment interest; and

F.      Such other and further relief as the Court shall deem just and proper.

Dated:    October 12, 2022.

ARENTFOX SCHIFF LLP

By:   */s/ Julius A. Rousseau, III*
          Julius A. Rousseau, III
          James M. Westerlind
          Andrew Dykens
          1301 Avenue of the Americas, Fl. 42
          New York, New York 10019
          Telephone: (212) 484-3900
          Facsimile: (212) 484-3990
          Email: jule.rousseau@afslaw.com
                    james.westerlind@afslaw.com
                    andrew.dykens@afslaw.com

*Attorneys for Plaintiffs Vida Longevity Fund,*
*LP and Wells Fargo Bank, N.A., as Securities*
*Intermediary*